678 S.E.2d 50

**Jennifer L. CARUSO, Plaintiff Below, Appellant,**

v.

**Brian N. PEARCE and P&T Trucking, Incorporated, Defendants and Third–Party Plaintiffs Below, Appellees**

v.

**Quality Machine Co., Inc., Garry K. Knotts, and Joyce K. Hall, Third–Party Defendants Below, Appellees.**

No. 34144.

Supreme Court of Appeals of West Virginia.

Submitted Feb. 25, 2009.

Decided May 4, 2009.

Concurring opinion of Justice Workman May 5, 2009.

---

Frances C. Whiteman, Esq., Whiteman Burdette, PLLC, Fairmonr, WV, for appellant.

Stephen F. Gandee, Esq., Robinson & McElwee, PLLC, Clarksburg, WV, for appellees Brian N. Pearce and P&T Trucking, Incorporated.

George A. Halkias, Esq., Martin & Seibert, L.C., Charleston, WV, for appellee Joyce K. Hall.

Teresa A. Kleeh, Esq., Steptoe & Johnson, PLLC, Charleston, WV, for appellees Quality Machine Co., Inc. and Gary K. Knotts.

KETCHUM, Justice:

In this appeal from the Circuit Court of Kanawha County, we are asked to examine an order wherein the circuit court dismissed a case pursuant to Rule 41(b) of the *West Virginia Rules of Civil Procedure* for lack of activity.

After carefully considering the record, the briefs and the arguments of the parties, we find that the circuit court abused its discretion in dismissing the case 54½ weeks after the last activity in the case. As set forth below, we reverse the circuit court's dismissal order.

## I.

### Facts and Background

The plaintiff-below and appellant, Jennifer L. Caruso, alleges that on November 8, 2002, she was injured in an automobile accident. On October 12, 2004—through her then-attorney, Terri Tichenor—Ms. Caruso filed a lawsuit against defendants-below and appellees Brian M. Pearce and P & T Trucking, Inc., alleging that it was the defendants' negligence which caused her injuries.

Defendants Pearce and P & T Trucking filed a joint answer to the plaintiff's complaint in November 2004, and filed a third-party complaint against third-party defendants Quality Machine Company, Inc., and Garry K. Knotts. Additionally, defendants Pearce and P & T Trucking served interrogatories upon the plaintiff. The plaintiff served her answers to the interrogatories on March 8, 2005.

After the plaintiff answered the written discovery filed and served by appellees Pearce and P & T Trucking, the various attorneys involved in the case—including plaintiff's counsel, Ms. Tichenor—signed an agreed order (which was entered by the circuit court on July 25, 2005) which permitted the filing of a third-party complaint by Pearce and P & T Trucking adding as a third-party defendant appellee Joyce K. Hall; that third-party complaint was not filed until October 2005. Third-party defendants and appellees Quality Machine and Mr. Knotts then filed a cross-claim against Ms. Hall, who

then filed her own cross-claim against Quality Machine and Mr. Knotts. In March 2006, the various appellees began sending discovery requests to other appellees—but not to the plaintiff-appellant—and the last response by an appellee to those discovery requests was filed in the record by the circuit clerk on July 13, 2006.

On July 31, 2007, the Circuit Clerk of Kanawha County served a notice upon all parties that the case would be dismissed pursuant to Rule 41(b) of the *West Virginia Rules of Civil Procedure*[1] because "for more than one year there has been no order or proceeding" unless the plaintiff could establish good cause for the lack of activity.

Following a hearing, by an order signed October 12, 2007, the circuit court dismissed the instant case finding that the plaintiff and her counsel had failed to show good cause for the lack of activity in the case.

The plaintiff, by a new attorney, now appeals the circuit court's order.

## II.

### *Standard of Review*

We review a circuit court's order dismissing a case for inactivity pursuant to Rule 41(b) under an abuse of discretion standard. We stated in *Dimon v. Mansy*, 198 W.Va. 40, 46, 479 S.E.2d 339, 345 (1996):

Traditionally, our scope of review, even where reinstatement [of an action which is dismissed for failure to prosecute] is timely sought, is limited. It is only where there is a clear showing of an abuse of discretion that reversal is proper.

"Only where we are left with a firm conviction that an error has been committed may we legitimately overturn a lower court's discretionary ruling." *Covington v. Smith*, 213 W.Va. 309, 322, 582 S.E.2d 756, 769 (2003). *See also, Intercity Realty Co. v. Gibson*, 154 W.Va. 369, 377, 175 S.E.2d 452, 457 (1970) ("Where the law commits a determination to a trial judge and his discretion is exercised with judicial balance, the decision should not be overruled unless the reviewing court is actuated, not by a desire to reach a different result, but by a firm conviction that an abuse of discretion has been committed.")

## III.

### *Discussion*

The *West Virginia Rules of Civil Procedure* were designed to secure just, speedy and inexpensive determinations in every action, for all parties to the action. *See* W.Va. R.Civ.Pro. Rule 1. The rules:

... establish procedures for the orderly process of civil cases as anticipated by W.Va. Const. Art. III, § 10. They operate in aid of jurisdiction and facilitate the public's interest in just, speedy and inexpensive determinations. They vindicate constitutional rights by providing for the administration of justice without denial or delay as required by W.Va. Const. Art. III, § 17.

*Arlan's Dept. Store of Huntington, Inc. v. Conaty*, 162 W.Va. 893, 897–98, 253 S.E.2d 522, 525 (1979).

An integral part of this just, speedy and inexpensive system is the establishment of time periods within which actions must be taken, if they are to be taken at all. Rule 41(b) of the *West Virginia Rules of Civil Procedure* provides that a circuit court may, in its discretion, dismiss a case when there has been a lack of activity in the case for more than one year. The rule states, in pertinent part:

Any court in which is pending an action wherein for more than one year there has been no order or proceeding, or wherein the plaintiff is delinquent in the payment of accrued court costs, may, in its discretion, order such action to be struck from its docket; and it shall thereby be discontinued. The court may direct that such order be published in such newspaper as the court may name. The court may, on motion, reinstate on its trial docket any action dismissed under this rule, and set aside any nonsuit that may be entered by reason of the nonappearance of the plaintiff, within three terms after entry of the order of dismissal or nonsuit; but an order

---

**1.** The pertinent text of Rule 41(b) is set forth in the discussion in Section III, *infra*.

of reinstatement shall not be entered until the accrued costs are paid.

Before a court may dismiss an action under Rule 41(b), notice and an opportunity to be heard must be given to all parties of record.

■ "It is well settled that a dismissal by a circuit court under Rule 41(b) for failure to prosecute operates as an adjudication on the merits and, unless reinstated by subsequent court order, such a dismissal is with prejudice." *Dimon v. Mansy*, 198 W.Va. at 45, 479 S.E.2d at 344. This Court has held that "[b]ecause of the harshness of the sanction, a dismissal with prejudice should be considered appropriate only in *flagrant cases.*" *Id.* (Emphasis added). "[W]e recognize that dismissal based on procedural grounds is a severe sanction which runs counter to the general objective of disposing cases on the merit." *Id.*, 198 W.Va. at 45–46, 479 S.E.2d at 344–45.

■ After receiving written notice from a circuit clerk or a trial court that a case might be dismissed by the court for lack of activity under Rule 41(b), a plaintiff may avoid dismissal if the plaintiff shows "good cause" for the delay in prosecuting a suit, and the defendant fails to show "substantial prejudice" caused by the delay. This Court stated in Syllabus Point 3, in part, of *Dimon v. Mansy, supra,* that:

> [T]he plaintiff bears the burden of going forward with evidence as to good cause for not dismissing the action; if the plaintiff does come forward with good cause, the burden then shifts to the defendant to show substantial prejudice to it in allowing the case to proceed; if the defendant does show substantial prejudice, then the burden of production shifts to the plaintiff to establish that the proffered good cause outweighs the prejudice to the defendant.... [T]he court, in weighing the evidence of good cause and substantial prejudice, should also consider (1) the actual amount of time involved in the dormancy

of the case, (2) whether the plaintiff made any inquiries to his or her counsel about the status of the case during the period of dormancy, and (3) other relevant factors bearing on good cause and substantial prejudice.

In this case, the actual amount of time involved in the dormancy of the case is scarcely more than one year. The current counsel for the plaintiff concedes that the delay in prosecution was partly caused by the plaintiff's former attorney's failure to vigorously pursue the case. Yet, the plaintiff argues that the circuit court abused its discretion when it failed to find good cause for the delay in prosecuting her action. The crux of the plaintiff's argument on appeal is that good cause for the delay can be, in part, traced to the circuit court's failure to enter a scheduling order, as is required by Rule 16(b) of the *Rules of Civil Procedure* [1998].

Rule 16 of the *West Virginia Rules of Civil Procedure* "is the principal source of the powers and tools that ... courts are to use to achieve the fundamental purpose articulated by Rule 1 of the ... Rules of Civil Procedure: securing 'the just, speedy, and inexpensive determination of every action and proceeding.' " James Wm. Moore, 3 *Moore's Federal Practice, 3d Edition* § 16.03 (2007). Rule 16 promotes a concept of active judicial management of cases, with the participation of the parties and their counsel, to "reach a swift, inexpensive and just resolution of litigation." *Id.* The focus of Rule 16 is "to familiarize the litigants and the court with the issues actually involved in a lawsuit so that the parties can accurately appraise their cases," "remove extraneous disputes from the case" and "expedite the determination of the merits, thereby saving time and expense for the litigants and easing the burden on the courts by facilitating the handling of congested dockets." Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure: Civil 2d* § 1522.

To achieve these goals, Rule 16(b)[2] mandates that a trial court "shall ... enter a

---

**2.** Rule 16(b) states (with emphasis added):

(b) Scheduling and Planning. Except in categories of actions exempted by the Supreme Court of Appeals, the judge *shall*, after consult-

ing with the attorneys for the parties and any unrepresented parties, by a scheduling conference, telephone, mail or other suitable means, enter a scheduling order that limits the time:

scheduling order" establishing time frames for the joinder of parties, the amendment of pleadings, the completion of discovery, the filing of dispositive motions, and generally guiding the parties toward a resolution of the case. *See State ex rel. Pritt v. Vickers*, 214 W.Va. 221, 226, 588 S.E.2d 210, 215 (2003) ("Under Rule 16(b), it is mandatory that trial courts enter a scheduling order that limits the time to join parties, amend pleadings, file and hear motions, and complete discovery."); *Elliott v. Schoolcraft*, 213 W.Va. 69, 73 n. 5, 576 S.E.2d 796, 800 n. 5 (2002) (*per curiam*) (noting that "the circuit court should have entered a scheduling order before considering the motions for summary judgment."). Put succinctly, "[u]nder Rule 16(b) trial courts must enter a scheduling order[.]" Franklin D. Cleckley, *et al., Litigation Handbook on West Virginia Rules of Civil Procedure* § 16(b)[2], at 438 (3d Edition, 2008).

"The purpose of a scheduling order is to encourage careful pretrial management and to assist the trial court in gaining and maintaining control over the direction of the litigation." *Id.* As one treatise states:

> Rule 16 is explicitly intended to encourage active judicial management of the case development process and of trial in most civil actions. Judges must fix deadlines for completing the major pretrial tasks, and judges are encouraged to actively participate in designing case-specific plans for positioning litigation as efficiently as possible for disposition by settlement, motion, or trial.

James Wm. Moore, 3 *Moore's Federal Practice, 3d Edition* § 16.02 (2007). While Rule 16(b) does not specify a time period in which a scheduling order must be entered, "trial

> (1) To join other parties and to amend the pleadings;
> (2) To file and hear motions; and
> (3) To complete discovery.
> The scheduling order also may include:
> (4) The date or dates for conferences before trial, a final pretrial conference, and trial; and
> (5) Any other matters appropriate in the circumstances of the case.
> A schedule shall not be modified except by leave of the judge.

**3.** It should be noted, however, that:

courts should strive to have a scheduling order entered within one to two months after the defendant has filed an answer." Franklin D. Cleckley, *et al., Litigation Handbook on West Virginia Rules of Civil Procedure* § 16(b)[2], at 439 (3d. Edition, 2008).[3]

"By fixing time limits, the court's scheduling order serves to stimulate litigants to narrow the areas of inquiry and advocacy to those they believe are truly relevant and material." *Id.* The absence of a Rule 16(b) scheduling order "can result in lack of focus, inefficiency, and delays in disposition." James Wm. Moore, 3 *Moore's Federal Practice, 3d Edition* § 16.10[2].

We therefore hold that Rule 16(b) requires active judicial management of a case, and mandates that a trial court "shall ... enter a scheduling order" establishing time frames for the joinder of parties, the amendment of pleadings, the completion of discovery, the filing of dispositive motions, and generally guiding the parties toward a prompt, fair and cost-effective resolution of the case.

Notwithstanding that Rule 16(b) is mandatory, the circuit court in this case failed to enter a scheduling order. In the absence of a court-imposed scheduling order setting a deadline for the completion of discovery, the plaintiff asserts that it was easy for the attorneys to overlook the fact that the written discovery phase of the case had been completed. The plaintiff argues that this lawsuit is not a simple automobile accident case, but is replete with cross- and third-party claims, and numerous discovery requests among all of the parties. The former counsel for the plaintiff, Ms. Tichenor, asserted that she mistakenly believed that some discovery responses were still pending

> A failure by a judge to issue a scheduling order as required by Rule 16 generally is not deemed by appellate courts sufficient grounds, by itself, for any significant relief. Because it is probable that these failures are more often due to oversight than to deliberate decision ... counsel should take the initiative to propose a scheduling order, or request a scheduling or case management conference, whenever a judge has failed to act in accordance with the Rule's mandates.
> James Wm. Moore, 3 *Moore's Federal Practice, 3d Edition* § 16.10[2] (2007)

among the various appellees, and did not realize that written discovery had meandered to a conclusion in mid-July 2006. It was not until the circuit clerk served notice at the end of July 2007—saying the circuit court intended to dismiss the case for inactivity—that the plaintiff's counsel attempted to move the case forward. The plaintiff contends that, had the circuit court entered a scheduling order, she would then have diligently abided by that order and moved her case toward trial.

■ After carefully reviewing the record presently before us, we are left firmly with the conviction that an error has been committed. We are not convinced that the inactivity in the instant case was so egregious as to necessitate the harsh sanction of dismissal. Because dismissing an action for failure to prosecute is such a harsh sanction, dismissal with prejudice is appropriate only in "flagrant" cases. *Dimon v. Mansy*, 198 W.Va. at 45, 479 S.E.2d at 344.

■ "[A] court's authority to issue dismissals as a sanction must be limited by the circumstances and necessity giving rise to its exercise." *Dimon*, 198 W.Va. at 45, 479 S.E.2d at 344. "The sanction of dismissal with prejudice for the lack of prosecution is most severe to the private litigant and could, if used excessively, disserve the dignitary purpose for which it is invoked. It remains constant in our jurisprudence that the dignity of a court derives from the respect accorded its judgment." *Id.*

In this case, although the plaintiff's former counsel was less than diligent, the outright dismissal of the plaintiff's action carries serious implications and—because the lack of activity was scarcely more than one year—was unwarranted. Further, we are persuaded that in the absence of a scheduling order entered by the circuit court, it is not beyond reason that a complex case such as this could easily be detoured from reaching a final resolution.

Although the appellees have now suggested that they would be prejudiced by the one-year delay, we cannot reasonably find that such prejudice is so great as to outweigh the harm the plaintiff would suffer if the dismissal of her case were to stand.

When dismissing a case under Rule 41(b), in order to preserve the integrity of the judicial process, *Dimon v. Mansy, supra,* makes clear that various interests must be weighed including the interest in judicial efficiency, the rights of plaintiffs to have their day in court, any prejudice that might be suffered by defendants, and the value of deciding cases on their merits. Considering all of these factors, including the absence of a mandatory scheduling order from the circuit court, this Court finds that, in this case, the plaintiff's interest in moving forward with her claim outweighs concerns of judicial efficiency and any prejudice that the defendants and third-party defendants may have suffered. We therefore conclude that the circuit court abused its discretion in dismissing this civil action.

IV.

*Conclusion*

Accordingly, the circuit court's October 12, 2007 order dismissing the plaintiff's case for lack of activity is reversed, and the case is remanded for further proceedings.

Reversed and Remanded.

Chief Justice BENJAMIN disqualified.

Judge JOHN W. HATCHER, JR., sitting by temporary assignment.

Justice DAVIS and Justice McHUGH dissent and file dissenting opinions.

Justice WORKMAN concurs and files a concurring opinion.

DAVIS J., dissenting, joined by Justice McHUGH:

In this proceeding, the trial court dismissed the plaintiff's case under Rule 41(b) of the West Virginia Rules of Civil Procedure. The majority opinion has reversed the trial court's ruling because it found that the plaintiff had established good cause for not dismissing the case. For the reasons set out below, I dissent.

### After the Plaintiff Filed the Complaint, She Did Nothing in the Case for Almost Three Years

The record in this case revealed that the plaintiff filed this action against the defendants on October 12, 2004. In November 2004 and October 2005, the defendants filed third-party complaints against third-party defendants.[1] Subsequent to the filing of the third-party complaints, discovery took place in the case that involved only the third-party plaintiffs and the third-party defendants. The last circuit court discovery filing between the third-party plaintiffs and the third-party defendants occurred in July of 2006.[2]

On July 31, 2007, the trial court issued a notice of dismissal of the plaintiff's case under Rule 41(b). The trial court did this because, from the date that the plaintiff filed her action, October 12, 2004, to the date that the trial court issued its notice of dismissal, July 31, 2007, the plaintiff failed to take any affirmative action in the case despite the fact that the third-party litigants had vigorously conducted discovery against each other.

It has been correctly observed that

[t]here are four grounds for dismissal of a plaintiff's action under Rule 41(b): (1) failure of the plaintiff to prosecute, (2) failure of the plaintiff to comply with the rules or any order of court, (3) inactivity for more than one year, and (4) the plaintiff is delinquent in the payment of accrued court costs.

*Hoover v. Moran,* 222 W.Va. 112, 120 n. 11, 662 S.E.2d 711, 719–20 n. 11 (2008) (internal

quotations and citation omitted). The trial court dismissed the action for (1) failure to prosecute and (2) inactivity for more than one year.[3] The order dismissing the action held "that counsel failed to establish good cause as to why the case had not been prosecuted by the Plaintiff during its pendency and, specifically, failed to establish good cause why the case had not been prosecuted during the one year immediately preceding the filing of the Notice of Dismissal."

The majority opinion erroneously focused exclusively upon the "inactivity for more than one year" basis for dismissal. To some extent, if this case merely involved the "inactivity for more than one year" ground for dismissal, I might have been inclined to agree with the resolution reached by the majority opinion. However, this case also concerned a failure to prosecute, which is a much broader ground for dismissing a case. The trial court's order specifically found that "no discovery was initiated by the Plaintiff since the Complaint was filed in October 2004[.]" In other words, this is not a case where a plaintiff had begun discovery and subsequent thereto, neglected the case for over a year. Rather, the plaintiff in this case filed her complaint then simply did nothing while her case languished in the trial court for nearly three years.

To properly evaluate the trial court's order, the majority opinion had to look at both grounds for dismissal under Rule 41(b). The "inactivity for more than one year" ground for dismissal was based upon the last filings

1. The record is clear in showing that between the date of the filing of the complaint, October 12, 2004, and the dates the third-party complaints were filed, November 22, 2004, and October 13, 2005, the plaintiff did not have any activity in the case.

2. The discovery between the third-party plaintiffs and the third-party defendants took place even though a scheduling order had not been entered by the trial court.

3. This Court has recognized that,

[t]o some extent[,] "failure to prosecute" and "inactivity for more than one year" overlap. The distinction between the two grounds for dismissal lies in the fact that "failure to prosecute" is broader than "inactivity for more than one year." While the former may include the

conduct of the latter, the latter does not embrace all of the types of conduct that may come under the former.

*Hoover v. Moran,* 222 W.Va. 112, 120 n. 11, 662 S.E.2d 711, 719–20 n. 11 (2008) (internal quotations and citation omitted). It has been further noted by federal courts that

[f]ailure to prosecute is not defined in Rule 41(b). It can evidence itself either in an action lying dormant with no significant activity to move it or in a pattern of dilatory tactics. The latter may consist, for example, of groundless motions, repeated requests for continuances or persistent late filings of court ordered papers. Such conduct may warrant dismissal after merely a matter of months, or may stretch out over a period of years.

*Lyell Theatre Corp. v. Loews Corp.,* 682 F.2d 37, 42–43 (2nd Cir.1982) (citations omitted).

by the third-party litigants. This basis for dismissal was lenient in that it allowed the plaintiff to bootstrap onto the activity that was taking place between the third-party litigants. However, under the "failure to prosecute" basis for dismissal, the trial court was in fact looking at all of the activity that had occurred in the case from the date the complaint was filed to the date the Rule 41(b) dismissal notice was issued. During this much broader time frame, the plaintiff did nothing in the case.

Justice Cleckley made clear in *Dimon v. Mansy*, 198 W.Va. 40, 479 S.E.2d 339 (1996), that, to prevent a Rule 41(b) dismissal, "the plaintiff bears the burden of going forward with evidence as to good cause for not dismissing the action; if the plaintiff does come forward with good cause, the burden then shifts to the defendant to show substantial prejudice to it in allowing the case to proceed[.]" *Dimon*, 198 W.Va. at 50, 479 S.E.2d at 349. In the instant case, the trial court found that the plaintiff had failed to establish "good cause" for failing to prosecute the case and for inactivity for more than one year. The majority opinion concluded that the absence of a scheduling order, which did not preclude the third-party litigants from vigorously engaging in discovery,[4] constituted good cause for the inactivity for more than one year. However, this tortured result because the plaintiff also failed to prosecute her case after the complaint was filed, *i.e.*, the plaintiff did nothing but file a complaint and thereafter sleep on her rights for almost three years. *See Safouane v. Fleck*, 226 Fed.Appx. 753 (9th Cir.2007) (Rule 41(b) dismissal, even though scheduling order was not entered, in case pending in district court for

almost five years without being prosecuted); *Bielinski v. Casual Corner Group, Inc.*, No. 99 Civ. 693 (TPG), 2002 WL 2012622 (S.D.N.Y. Aug. 30, 2002) (same; case pending over three years). A longstanding legal maxim adhered to by this Court is that "[t]he law aids those who are diligent, not those who sleep upon their rights." *Dimon*, 198 W.Va. at 48, 479 S.E.2d at 347 (internal quotations and citation omitted). "We have explained this principle of law to mean that when attorneys are careless, and [do] not attend to their interests in court ..., they must suffer the consequences of their folly." *Law v. Monongahela Power Co.*, 210 W.Va. 549, 561, 558 S.E.2d 349, 361 (2001) (Davis, J., dissenting) (internal quotations and citation omitted).

The majority opinion's reliance on the lack of a scheduling order as an impediment to the plaintiff's ability to engage in discovery is misplaced.[5] Parties are not prohibited from initiating discovery without a scheduling order.[6] The West Virginia Rules of Civil Procedure expressly authorize specific discovery, after the commencement of an action, without the intervention of a trial court. It is provided under Rule 30(a) that, "[a]fter the commencement of the action, any party may take the testimony of any person, including a party, by deposition upon oral examination." Under Rule 31(a), "[a] party may take the testimony of any person, including a party, by deposition upon written questions without leave of court[.]" Rule 33(a) states that, "[w]ithout leave of court ..., any party may serve upon any other party written interrogatories[.]" Finally, "[a] plaintiff may, without leave of court, serve a Rule 34(a) discov-

---

4. *See* note 5, *infra*.

5. I wholeheartedly agree with the majority opinion's recognition that a trial court has a mandatory duty to enter a scheduling order. Indeed, I have previously commented that:

> [u]nder Rule 16(b), it is mandatory that trial courts enter a scheduling order that limits the time to join parties, amend pleadings, file and hear motions, and complete discovery. *See Elliott v. Schoolcraft*, 213 W.Va. 69, 73 n. 5, 576 S.E.2d 796, 800 n. 5 (2002) (per curiam) (reversing summary judgment in part because the trial court did not enter a scheduling order in the case).

*State ex rel. Pritt v. Vickers*, 214 W.Va. 221, 226, 588 S.E.2d 210, 215 (2003) (footnote omitted). However, insofar as trial judges have heavy caseloads, it is understandable that a trial judge might, on a rare occasion, fail to timely enter a scheduling order in a case. When such an oversight occurs, a plaintiff should not allow almost three years to pass without alerting the trial judge that a scheduling order has not been entered.

6. This fact is obvious because, as earlier noted, the third-party litigants in this case actively engaged in discovery in the absence of a scheduling order.

ery request (production of documents) upon any defendant together with service of the summons and complaint or after service of process." Franklin D. Cleckley, Robin J. Davis, & Louis J. Palmer, Jr., *Litigation Handbook on West Virginia Rules of Civil Procedure* § 34(b), at 833 (3d ed. 2008). *See also Orduna v. Texas Comm'n on Alcohol & Drug Abuse,* 220 Fed.Appx. 249, 250 (5th Cir.2007) (affirming Rule 41(b) dismissal where, after filing complaint, plaintiff took no action in case for four and a half years).

In view of the freely available discovery tools under our rules, it is simply wrong for the majority opinion to disturb the trial court's Rule 41(b) dismissal order. The plaintiff in this case had almost three years to invoke our discovery rules, and she failed to do so. This conduct justified the trial court's dismissal for failure to prosecute. "There could hardly be a clearer case of failure to prosecute." *M & H Cosmetics, Inc. v. Alfin Fragrances, Inc.,* 102 F.R.D. 265, 267 (E.D.N.Y.1984). *See also Salmon v. City of Stuart,* 194 F.2d 1004 (5th Cir.1952) (upholding Rule 41(b) dismissal upon finding that "following the filing of this . . . suit, no action was taken in it by the plaintiffs for one year and three months").

In the final analysis, "Rule 41(b) protects the integrity of a court's docket by giving courts discretion to dismiss actions that are not being actively pursued." Cleckley, et al., *Litigation Handbook* § 41(b), at 934. The trial court adhered to the standards of Rule 41(b) and did not abuse its discretion in dismissing this case. The majority opinion's "new and intolerable standard will make it impossible for . . . judges to control their dockets . . ., because litigants will be able to indefinitely . . . extend litigation by simply saying 'I was busy doing something else.'" *Plummer v. Workers Compensation Div.,* 209 W.Va. 710, 718, 551 S.E.2d 46, 54 (2001) (Davis, J., dissenting). "The standard [the majority opinion] adopts here encourages dilatory behavior rather than diligence[.]" *Gaither v. City Hosp., Inc.,* 199 W.Va. 706, 717, 487 S.E.2d 901, 912 (1997) (Maynard, J., dissenting). Consequently, my respect for the rule of law precludes me from joining the majority opinion.

In view of the foregoing, Justice McHugh and I respectfully dissent.

WORKMAN, J., concurring:

(Filed May 5, 2009)

I concur with the majority that the Plaintiff's inactivity in this case was not sufficiently lengthy or egregious to warrant dismissal. However, I cannot concur with the majority's conclusion that the lower court was partly responsible for the delay in this case because it had not yet entered a scheduling order.

The most recent compilation of Circuit Court County filings demonstrates that in calendar year 2008 there were 6,354 cases filed in the Kanawha County Circuit Court. Of that total, the circuit judge handling this matter had 917 of the cases filed assigned to her. West Virginia Rule of Civil Procedure 16 provides that "the judge shall, after consulting with the attorneys for the parties and any unrepresented parties, by a scheduling conference, telephone, mail or other suitable means, enter a scheduling order to limits the time[.]" *Id.* The current rule does not place any time limit for entering a scheduling order upon the circuit court, nor does it place the burden of setting a scheduling conference solely upon the circuit court. Our law, however, does place the burden upon the plaintiff to prosecute his or case. W. Va. R. Civ. P. 41(b). There is no evidence in this case that either party moved the Court either to set a scheduling conference or enter a scheduling order.

Consequently, given our current Rules of Civil Procedure, I believe that the majority opinion unfairly transfers part of the responsibility for the delay here from the lawyer to the court. For that reason, I write separately so as to make clear that the delays here were the fault of counsel, not the lower court.