**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Owen Black,**
**Plaintiff Below, Petitioner**

**FILED**

April 16, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.) No. 12-0360** (Randolph County 09-C-61)

**Ally Financial, Inc., f/k/a/ GMAC, Inc.,**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Owen Black, by counsel Scott Curnutte, appeals the August 25, 2011, order of the Circuit Court of Randolph County dismissing his complaint for failure to prosecute pursuant to Rule 41(b) of the West Virginia Rules of Civil Procedure. Respondent Ally Financial, Inc., f/k/a GMAC, Inc., by Robert Martin,[1] its attorney, filed a response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On March 4, 2009, petitioner filed a complaint seeking relief under the West Virginia Consumer Credit and Protection Act, West Virginia Code § 46A-1-101, et seq. Petitioner argues that the circuit court abused its discretion because the complexity of the case and lack of a scheduling order constitutes good cause to reinstate the case. Petitioner argues that the respondent was not substantially prejudiced by the delay and this is not a flagrant case warranting dismissal with prejudice. Respondent argues that petitioner has failed to meet his burden showing good cause for the delay. Respondent argues the delay is due to a lack of diligence by opposing counsel to prosecute the case since they filed the complaint and served a single set of discovery requests, including failing to respond to the motion to dismiss for failure to prosecute.

"We review a circuit court's order dismissing a case for inactivity pursuant to Rule 41(b) under an abuse of discretion standard." *Caruso v. Pearce*, 223 W.Va. 544, 547, 678 S.E.2d 50, 53 (2009). "[T]he plaintiff bears the burden of going forward with evidence as to good cause for not dismissing the action . . . ." Syl. Pt. 3, in part, *Dimon v. Mansy*, 198 W.Va. 40, 479 S.E.2d 339 (1996). Our review of the record indicates that petitioner's counsel failed to respond to opposing counsel's correspondences dated February 3, 2010; March 29, 2010; and May 10, 2010; or

---

1 Charles R. Bailey filed a Notice of Substitution of Counsel replacing Robert Martin subsequent to respondent's response.

1

prosecute the case for approximately eighteen months, including responding to respondent's motion to dismiss for failure to prosecute. Upon careful consideration, we conclude that the circuit court did not abuse its discretion in dismissing petitioner's complaint for a failure to prosecute pursuant to Rule 41(b).

For the foregoing reasons, we affirm the circuit court's decision.

Affirmed.

**ISSUED**: April 16, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

2