# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Stephen F. Nelson,**
**Defendant Below, Petitioner**

**FILED**

October 4, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 12-1163** (Boone County 12-C-AP-6)

**James O. Marcum and Naomi Marcum,**
**Plaintiffs Below, Respondents**

## MEMORANDUM DECISION

Petitioner Stephen F. Nelson, appearing *pro se*, appeals the order of the Circuit Court of Boone County, entered October 11, 2012, that denied his motion to reconsider the dismissal of his magistrate court appeal for a failure to appear.[1] Respondents James O. Marcum and Naomi Marcum, appearing *pro se*, filed a response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was married to respondents' daughter for several years. Subsequent to petitioner's divorce from their daughter, respondents filed a complaint against petitioner in the Magistrate Court of Boone County on May 3, 2012, alleging that he owed them $5,000 for various unpaid loans.[2] The certified mail receipt indicates that petitioner was served with the complaint on May 11, 2012, at his address of P.O. Box 787, Chapmanville, West Virginia. Following a bench trial held on June 15, 2012, the magistrate court entered judgment in respondents' favor in the amount of $5,000, plus court costs in the amount of $90, at 7% per annum. Petitioner filed an appeal from the magistrate court's judgment, and in so doing, posted a personal recognizance appeal bond. Petitioner listed his address as P.O. Box 787, Chapmanville, West Virginia.

On July 13, 2012, the circuit court directed the circuit clerk to send the parties a notice of hearing on petitioner's appeal for August 9, 2012. Because petitioner did not appear for the

---

[1] The circuit court originally entered its order denying petitioner's motion to reconsider on September 4, 2012, but subsequently entered an amended order on October 11, 2012, to correct a typographical error.

[2] Respondents claimed that the total amount owed was $6,500, but stated that they were restricting their recovery to the magistrate court's jurisdictional limit.

1

August 9, 2012 hearing, the circuit court entered an order on August 16, 2012, dismissing the appeal without prejudice. *See* Rule 41(b), W.V.C.R.P. (Involuntary dismissal can be entered for a failure to comply with any court order; however, notice and an opportunity to be heard must be given). On August 31, 2012, petitioner filed a motion to reconsider the dismissal of his appeal stating that he never received "a certified letter" notifying him of the hearing. We note that pursuant to Rule 5(b) of the West Virginia Rules of Civil Procedure, subsequent to the original complaint, every order, pleading, and other paper can be served by "mailing it to the attorney or party at the attorney's or party's last-known address."

In its October 11, 2012 order denying petitioner's motion to reconsider the dismissal of his appeal, the circuit court found that the notice of hearing for the August 9, 2012 hearing was sent to "an address submitted by [petitioner] in his [p]etition of [a]ppeal." The circuit court further found as follows:

> [Petitioner]'s case was properly called by the [b]ailiff on [August 9, 2012,] pursuant to the [n]otice of [h]earing theretofore issued and present in the case file. It was apparent, after repeated announcement of the parties' names, that [petitioner] was not present and would not make an appearance. After review of the case file, this Court ordered the appeal dismissed.

Accordingly, the circuit court denied the motion and indicated that the denial constituted its final ruling. Petitioner appeals the circuit court's denial of his motion to reconsider the dismissal.[3]

We review the circuit court's dismissal of petitioner's appeal for a failure to appear under an abuse of discretion standard. *See Caruso v. Pearce*, 223 W.Va. 544, 547, 678 S.E.2d 50, 53 (2009) ("We review a circuit court's order dismissing a case . . . pursuant to Rule 41(b) under an abuse of discretion standard."). On appeal, petitioner argues that the circuit court did not give him proper notice of the August 9, 2012 hearing, and that he demonstrated good cause to have his appeal reinstated. Respondents counter that the circuit court acted properly in dismissing the appeal because petitioner failed to appear and that petitioner did not demonstrate good cause to reinstate his appeal. The circuit court's dismissal of the appeal is well-supported by the findings contained in its October 11, 2012 order that denied petitioner's motion to reconsider. Therefore, this Court concludes that the circuit court did not abuse its discretion in dismissing petitioner's appeal for a failure to appear.

For the foregoing reasons, we affirm.

Affirmed.

---

[3] When petitioner filed his notice of appeal in this Court, he again listed P.O. Box 787, Chapmanville, West Virginia, as his address.

**ISSUED:** October 4, 2013

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II