# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Dennis Sumner and Sandra Rhodes,**
**Plaintiffs Below, Petitioners**

**FILED**

October 4, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)   No. 12-1246** (Berkeley County 12-C-83)

**Dawn Rhodes, Harry Franks, Harry Franks Sr.,**
**and Miranda Mobile Home Estates, Defendants Below,**
**Respondents**

## MEMORANDUM DECISION

Petitioners Dennis Sumner and Sandra Rhodes,[1] appearing *pro se*, appeal the final order of the Circuit Court of Berkeley County, entered September 10, 2012, that dismissed their action against their former landlord with prejudice. While ordering a dismissal, the circuit court also directed that petitioners had thirty days from the date of the order to retrieve any property remaining in respondent's possession provided that they pay any storage fees. Respondent Harry Franks Sr. ("respondent"), appearing pro se, filed a summary response.[2]

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

According to their complaint, petitioners were evicted and asked respondent whether they could return at a later date to retrieve their belongings. Petitioners alleged that respondent initially agreed, but later denied them access to their personal property. Petitioners requested relief in the form of an order directing respondent to allow petitioners to retrieve their belongings from respondent's premises. Petitioner also requested monetary damages for any property that had been lost. In his answer, respondent indicated that there was an eviction order, that the Berkeley County Sheriff's Department gave petitioners ten days to vacate of their own volition, and that he gave petitioners an additional two days to retrieve their

---

[1] Petitioners are a husband and wife.

[2] The docket sheet reflects that respondent was served on December 12, 2011, but is silent as to whether the other defendants were served. According to a letter respondent attached to his summary response, he is the manager of Harranda Mobile Home Park. The name "Miranda Mobile Home Estates" appears to be erroneous.

belongings. Consequently, respondent denied any liability for petitioners' failure to retrieve their property. Although petitioners originally filed their complaint in the magistrate court, on January 31, 2012, they removed the action to the circuit court pursuant to West Virginia Code § 50-4-8 alleging that the amount in controversy exceeded $2,500.

Subsequently, the circuit court entered an amended scheduling order on March 1, 2012, which, inter alia, set the pretrial conference for September 10, 2012, at 9:00 a.m. and directed that the parties file pretrial memoranda no later than ten business days before the pretrial conference. The amended scheduling order provided that a "failure to comply [with the pretrial conference dates] may result in [a] continuance of trial or monetary damages being imposed." (Emphasis omitted.). In a later section of the amended scheduling order, entitled "**SANCTIONS**," the circuit court admonished the parties that the full panoply of sanctions may be imposed for a failure to comply with "this order or other orders" of the court and that entry of default was an available sanction.

At the September 10, 2012, pretrial conference, respondent appeared, but petitioners did not. In its final order, entered the same day, the circuit court noted that "the parties have filed nothing since the [original] Scheduling Order entered in this matter on February 23, 2012."[3] The circuit court further indicated that it had reviewed "the court file [and] pertinent legal authorities." Accordingly, the circuit court ordered as follows:

> Therefore, for [petitioners'] failure to appear and prosecute the claims herein, the Court finds that the following rulings are appropriate[:]
>
> The Court hereby **ORDERS** and **ADJUDGES** that
>
> 1.      [Petitioners] shall have a period of 30 days from the date of this order in which to pick-up any property remaining in the possession of [respondent] provided that [petitioners] pay the full amount of any storage fees. Upon the expiration of this 30 day period, [respondent] may properly disposed of any remaining property.
>
> 2.      The matter is **DISMISSED WITH PREJUDICE.**

Petitioners now appeal the circuit court's September 10, 2012 final order.

We review a circuit court's dismissal of an action for a failure to appear and/or inactivity under an abuse of discretion standard. *See Caruso v. Pearce,* 223 W.Va. 544, 547,

---

[3] According to the docket sheet, other than the receipt of the pauper's affidavit on February 7, 2012, no party had filed anything since petitioners removed the action to the circuit court on January 31, 2012.

678 S.E.2d 50, 53 (2009). In *Caruso*, this Court reversed an action's dismissal for inactivity, in part, because of the absence of a scheduling order. In contrast, petitioners assert that the dismissal of their action be reversed because the circuit court allegedly failed to follow the provisions of the amended scheduling order.[4] Petitioners argue that the amended scheduling order precluded a dismissal with prejudice as an available sanction for their failure to appear for the pretrial conference and their failure to submit a pretrial memorandum. Contrary to petitioner's contention, however, the circuit court did more than merely dismiss their action. The circuit court granted petitioners substantial relief in giving them thirty days from the date of the order to retrieve any property remaining in respondent's possession, which constituted the primary relief petitioners sought in their complaint. Petitioners asked for monetary damages only in the event that some of their property had been lost. While the circuit court reviewed the court file, no evidence existed that any property had been lost. Therefore, because the circuit court granted petitioners the relief they sought, this Court concludes that the circuit court did not abuse its discretion in otherwise dismissing the action with prejudice.[5]

Foregoing the reasons, we affirm.

Affirmed.

**ISSUED:** October 4, 2013

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[4] Respondent argues for the affirmation of the dismissal of petitioner's action.

[5] When petitioners appealed, they moved this Court to stay the September 10, 2012 final order. On November 9, 2012, we denied the motion as moot because the thirty-day period petitioners had to retrieve their property under the final order had expired. Thereby, respondent had the right to dispose any remaining property. Acccordingly, even if the circuit court abused its discretion in dismissing petitioners' action with prejudice—which we do not think it did—it is no longer possible to determine whether respondent violated any duty of care he previously had with regard to petitioners' property.

3