# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Greg Winland and Tri-State Concrete Pumping, Inc.,**
**Plaintiffs Below, Petitioners**

**FILED**

**November 8, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs)  No. 13-0231** (Kanawha County 07-C-1384)

**West Virginia Regional Jail and Correctional Facility Authority;**
**Wyetta Fredericks, in her capacity as Executive Director**
**for the West Virginia Regional Jail and Correctional**
**Facility Authority; John Does 1 through 5, West Virginia residents;**
**John Does 1 through 5, Ohio residents; Business Organization XYZ,**
**and Corporations 1 through 5, Ohio and/or West Virginia corporations,**
**Defendants Below, Respondents**

## MEMORANDUM DECISION

Petitioners Greg Winland and Tri-State Concrete Pumping, Inc., by counsel John E. Triplett, Jr., appeal the Circuit Court of Kanawha County's order dismissing petitioners' civil action pursuant to Rule 41(b) of the West Virginia Rules of Civil Procedure for failure to prosecute. Respondents West Virginia Regional Jail and Correctional Facility Authority and Wyetta Fredericks, in her capacity as its Executive Director, by counsel Jeffrey W. Lilly, filed a response. Petitioners filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioners[1] filed their civil action in the Circuit Court of Kanawha County on or about July 5, 2007, and alleged that respondents[2] improperly released recorded phone conversations

---

[1]According to the complaint, Petitioner Greg Winland is a resident of Belpre, Ohio, and Petitioner Tri-State Concrete Pumping, Inc. is a company 100% controlled by Petitioner Winland.

[2]According to the complaint, "John Does 1 through 5, West Virginia residents" were believed to have been officers or agents of Respondent Regional Jail and Correctional Facility Authority. "John Does 1 through 5, Ohio residents" and "Business Organization XYZ, and Corporations 1 through 5, Ohio and/or West Virginia corporations" were alleged to have been the recipients of the taped conversations.

1

between Petitioner Winland and an inmate of the Northern Regional Jail, located in Doddridge County, West Virginia. The inmate was allegedly a former employee of Petitioner Tri-State Concrete Pumping, Inc. Petitioners allege that the taped conversations were released by respondents pursuant to an Ohio state court subpoena, served in West Virginia, and issued in an Ohio divorce action between Petitioner Winland and his now former wife. The recordings were allegedly received by the attorney for Petitioner Winland's ex-wife. Petitioners alleged the following: (1) violation of petitioners' civil rights, (2) outrageous conduct, (3) invasion of privacy, (4) violation of various West Virginia statutes on eavesdropping and wire-tapping,[3] (5) negligence, (6) negligent training, and (7) negligent supervision.[4] The substance of the taped conversations, and how they may have affected petitioners, is unclear from the record.

Respondents filed their answer to the complaint on or about September 7, 2007. On September 17, 2008, the circuit court issued a "Notice of Intent to Involuntarily Dismiss" the case due to inactivity in excess of one year. On October 2, 2008, petitioners filed a motion to retain the case on the docket, and served their first set of written discovery requests on respondents.[5] Respondents served their answers to discovery on November 3, 2008.

On August 10, 2009, petitioners filed a Notice of Deposition for the attorney for Petitioner Winland's ex-wife and scheduled the deposition for the next day in Marietta, Ohio. The certificate of service reflects that petitioners' counsel served the notice on respondents' counsel by depositing the same in United States mail on August 11, 2009, the day of the deposition.

On October 18, 2010, respondents filed their motion to dismiss for failure to prosecute, to which petitioners responded four months later, on or about February 28, 2011. On May 5, 2011, the circuit court held a hearing on respondents' motion and heard argument from both sides.

---

[3]Petitioners fail to identify the statutes in the complaint or in their brief to this Court.

[4]Petitioners had previously filed the same suit in the Circuit Court of Doddridge County, prompting a motion to dismiss by respondents. Prior to the dismissal of respondents herein from the Doddridge County action, petitioners filed the present suit in Kanawha County. Petitioners assert that the Doddridge County action is still pending as it relates to the other defendants. Petitioner attempted to include the pleadings from the Doddridge County action in the appendix record for the present appeal, prompting a motion to strike by respondents on May 8, 2013. By Order of June 18, 2013, this Court granted respondents' motion to strike and ruled that "all documents contained in the appendix record, that are not part of the Circuit Court of Kanawha County record, be, and they hereby are, stricken."

[5]Also on October 2, 2008, the Circuit Court of Kanawha County, Judge Berger presiding, entered an order dismissing the case from its docket pursuant to Rule 41(b) of the West Virginia Rules of Civil Procedure. It is unclear from the appendix record, but presumably this order was rescinded as the matter remained on the court's docket until Judge Webster's subsequent dismissal, which is the subject of this appeal.

Respondent argued that at the time of their October 18, 2010, motion, there had been no activity in the case for over one year. Petitioners argued that the case was procedurally complicated due to the initial filing in Doddridge County, confusion over the apparent dismissal of the case on October 2, 2008, by Judge Berger, the need for respondents to supplement their discovery responses[6], and the difficulties obtaining depositions of the Ohio divorce attorney and Petitioner Winland's ex-wife[7] that resulted in Ohio litigation over her motion to quash a subpoena.

In its ruling, the circuit court acknowledged the preference for resolving cases on their merits, but found that the record demonstrated that there was no activity for over one year prior to the filing of the motion to dismiss; that the court had previously dismissed the case for failure to prosecute, but afforded petitioners another opportunity to prosecute their case; but despite this second opportunity, petitioners still failed to prosecute the case. By order entered January 22, 2013, the court dismissed the action with prejudice. From this order, petitioners appeal to this Court.

This Court reviews a circuit court's dismissal of a case for inactivity pursuant to Rule 41(b) under an abuse of discretion standard. *Caruso v. Pearse,* 223 W.Va. 544, 678 S.E.2d 50 (2009). Petitioners raise three assignments of error that can be addressed as a single issue: Whether the circuit court abused its discretion by dismissing petitioners' civil action with prejudice. Petitioners argue that the circuit court failed to consider the multi-jurisdictional effort that was required to move the case along; that the court failed to consider the lack of prejudice on the part of respondents; and that dismissal with prejudice is a draconian measure reserved for the most flagrant demonstrations of inactivity.

We disagree with petitioners and find no abuse of discretion in the dismissal of the case. In an attempt to resuscitate their Kanawha County civil action, petitioners point to irrelevant activity in Doddridge County and the State of Ohio. Petitioners' only activity in the Kanawha County civil action is: (1) the filing of the suit on July 5, 2007, (2) the October 2, 2008, motion to retain the case on the docket after the first notice of intent to dismiss and first set of discovery requests, (3) an untimely notice of deposition on August 10, 2009, and (4) the February 28, 2011, second motion to retain the case on the docket. In nearly six years, the only attempt to prosecute the case is one set of discovery requests that appear to have been served in an attempt to fend off the circuit court's first notice of intent to dismiss.

In *Whiting v. Marion County Sheriff's Department,* No. 11-0575 (W.Va. Supreme Court, September 21, 2012) (memorandum decision), this Court upheld the dismissal of a *pro se* plaintiff's suit where the inactivity exceeded one year and where the plaintiff argued that he was not aware of the requirements to move the case to conclusion. In the present case, petitioners are represented by counsel and are asking for a *third* chance to prosecute their case that was filed in 2007. Given this Court's refusal to find an abuse of discretion under the facts in *Whiting,* we certainly cannot find the same in present case.

---

[6]Petitioners filed no motions to compel additional discovery.

[7]Petitioner Winland's ex-wife's deposition was noticed to take place on March 14, 2011, in Marietta, Ohio. Petitioners' counsel served the notice by facsimile and regular mail on March 11, 2011.

As to petitioners' claim that the circuit court failed to consider the lack of prejudice to respondents, we do not believe such a consideration was required under the facts in this case. We have held that

> the plaintiff bears the burden of going forward with evidence as to good cause for not dismissing the action; if the plaintiff does come forward with good cause, the burden then shifts to the defendant to show substantial prejudice to it in allowing the case to proceed; if the defendant does show substantial prejudice, then the burden of production shifts to the plaintiff to establish that the proffered good cause outweighs the prejudice to the defendant.

Syl. Pt. 3, in part, *Dimon v. Mansy,* 198 W.Va. 40, 479 S.E.2d 339 (1996). *Dimon* does not call for a shift in the burden to respondents to show prejudice if petitioners fail to show good cause for the inactivity. At the May 5, 2011, hearing, the circuit court gave petitioners an opportunity to demonstrate good cause as to why the case should not be dismissed. The court heard the petitioners' argument that the Doddridge County and State of Ohio proceedings caused the delay in the Kanawha County case. Simply put, the court was not persuaded. Petitioners maintain a "continuing duty to monitor a case from the filing until the final judgment," and failed to do so. *Dimon,* 198 W.Va. at 45, 479 S.E.2d at 344. Therefore, the burden did not shift to respondents to show prejudice.

Finally, as for petitioners' challenge to the dismissal being with prejudice, we find that Rule 41(b) itself calls for such a result. The rule clearly states, in part, that "[u]nless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue, operates as an adjudication upon the merits." Dismissal with prejudice is supported by the rule. Therefore, we find no abuse of discretion by the circuit court in dismissing the case with prejudice.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** November 8, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II