# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Stephen C. Wickline, Jennifer L. Wickline,**
**Randy L. Wickline, Jack W. Hudnall,**
**Charles D. Justice, III, Lisa Jean Justice,**
**Patricia L. Feury, and Gerald Ernest Justice,**
**Plaintiffs Below, Petitioners**

**FILED**
**December 7, 2020**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)  No. 19-0748** (Greenbrier County 08-C-116)

**Dutch Run-Mays Draft, LLC,**
**a West Virginia Limited Liability Company,**
**Defendant Below, Respondent**


## MEMORANDUM DECISION


Petitioners Stephen C. Wickline, Jennifer Wickline, Randy L. Wickline, Jack W. Hudnall, Charles D. Justice III, Lisa Jean Justice, Patricia L. Feury, and Gerald Ernest Justice, by counsel R. Brandon Johnson, appeal the order of the Circuit Court of Greenbrier County, entered on July 19, 2019, dismissing their action for failure to prosecute pursuant to Rule 41(b) of the West Virginia Rules of Civil Procedure. Respondent Dutch Run-Mays Draft, LLC appears by counsel Robert J. Frank.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioners filed a petition for a prescriptive easement in the Circuit Court of Greenbrier County in May of 2008, asserting that respondent blocked access to the roadway to property owned by them. The parties conducted extensive discovery—it appears that more than thirty depositions were taken—and the circuit court scheduled a trial for July of 2010. The trial was continued to December of 2010 and then (at respondent's request) to October of 2011. Mere days prior to the scheduled trial, respondent filed a suggestion of bankruptcy with the circuit court, based on a bankruptcy action proceeding in Florida. However, the parties continued to engage in litigation until June of 2016, when the court entered an agreed order holding the case in abeyance. The order provided:

1

[T]he [c]ourt hereby continues this matter until the parties provide an order from the bankruptcy court that permits this matter to proceed to trial. The parties are hereby ordered to notify the court of any action in the bankruptcy court that will permit this action to resume on the docket of this court.

The bankruptcy court entered its confirmation order on June 8, 2016, and the order became final the following month, with the "notice of filing of certified copy of confirmation order" recorded in Greenbrier County on August 12, 2016. No other filings appear on the circuit court's certified docket sheet between June 13, 2016, and March 6, 2019.

On March 6, 2019, respondent filed a motion to dismiss petitioners' petition pursuant to Rule 41(b) of the West Virginia Rules of Civil Procedure, citing petitioners' failure to prosecute. It attached the notice of filing of the confirmation order, together with the confirmation order, as an exhibit. The certificate of service for the confirmation order shows that order was served on each petitioner by U.S. Mail at his or her home address and at the address of the attorney shared by all petitioners. Petitioners' attorney was also served in his own right. In addition, all petitioners were represented by counsel in the bankruptcy action, and one or more of the petitioners traveled to Florida for bankruptcy proceedings on one or more occasions. Petitioners' bankruptcy counsel was served.

The circuit court granted respondent's motion to dismiss the petition by order entered on July 19, 2019. In doing so, the court noted that though the order it entered in June of 2016 required "the parties" to notify the court when the case could move forward, it remained the petitioners' obligation to see their case forward. The court rejected petitioners' assertion that they had no notice of the bankruptcy court's confirmation order, found no excusable delay on petitioners' part, and found that respondent would suffer substantial prejudice if the case was not dismissed.

On appeal, petitioners assert two assignments of error, which we summarize as follows: that the circuit court erred in (1) failing to recognize that the parties' agreed order explicitly required both parties to notify the court of the lifting of bankruptcy stay, and the respondent failed to do so in equal measure to petitioners' failure and (2) meting an excessively "harsh" and "severe" sanction. In this second assignment of error, petitioners challenge the circuit court's findings that petitioners did not show good cause for failing to alert the court of the completion of the bankruptcy proceedings and that respondents would suffer substantial prejudice in the continued litigation of the case. We review these assignments of error under an abuse of discretion standard. *Caruso v. Pearce*, 223 W. Va. 544, 547, 678 S.E.2d 50, 53 (2009). *Caruso* is further instructive, explaining that

"[b]efore a case may be dismissed under Rule 41(b), [a plaintiff may avoid dismissal by showing good cause for the delay in prosecuting the case.] . . . [T]he plaintiff bears the burden of going forward with evidence as to good cause for not dismissing the action; if the plaintiff does come forward with good cause, the burden then shifts to the defendant to show substantial prejudice to it in allowing the case to proceed; if the defendant does show substantial prejudice, then the burden of production shifts to the plaintiff to establish that the proffered good cause

2

outweighs the prejudice to the defendant. . . . [T]he court, in weighing the evidence of good cause and substantial prejudice, should also consider (1) the actual amount of time involved in the dormancy of the case, (2) whether the plaintiff made any inquiries to his or her counsel about the status of the case during the period of dormancy, and (3) other relevant factors bearing on good cause and substantial prejudice. . . ." Syllabus Point 3, in part, *Dimon v. Mansy*, 198 W.Va. 40, 479 S.E.2d 339 (1996).

Syl. Pt. 1, *Caruso*.

Petitioners' first assignment of error alludes to the consideration of good cause, suggesting that the circuit court entered an order allocating the burden of apprising the court of the case status equally among the parties. We agree with the circuit court that the burden remains on a plaintiff to prosecute his or her civil action. In no uncertain terms, we have cautioned litigants that

[i]t is equally clear that it is the plaintiff's obligation to move his or her case to trial, and where the plaintiff fails to do so in a reasonable manner, the case may be dismissed as a sanction for the unjustified delay. To be clear, we squarely hold that a plaintiff has a continuing duty to monitor a case from the filing until the final judgment, and where he or she fails to do so, the plaintiff acts at his or her own peril.

*Dimon*, 198 W. Va. at 45, 479 S.E.2d at 344. The clarity of this warning is of the crystal sort. We therefore reject petitioners' argument that the circuit court's order of abeyance, directing "the parties" rather than "the plaintiffs" to notify the court of a change in status, absolved petitioners of this most crucial continuing duty.

Turning to petitioners' second assignment of error, wherein they argue that the sanction of dismissal was unduly harsh, we likewise find that the circuit court acted within its discretion. We accept the circuit court's rejection of petitioners' arguments that they did not receive the confirmation order from the circuit court (as evidenced by the thoroughly documented certificate of service) and that they did not understand the implication of the confirmation order (as evidenced by the certificate of service reflecting delivery to petitioners' West Virginia counsel in this case and their Florida bankruptcy counsel). Because we agree with the circuit court that petitioners failed to proffer evidence that would support a finding of good cause to overcome dismissal, we need not proceed under the burden-shifting analysis to address the extensive prejudice to which respondent would be subjected in litigating a long-dormant case.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** December 7, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice Evan H. Jenkins

**DISQUALIFIED:**

Justice Margaret L. Workman
Justice John A. Hutchison

4