# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**December 6, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**CHARITY C.,**
**Petitioner Below, Petitioner**

**v.) No. 24-ICA-199**    (Fam Ct. Jackson Cnty. Case No. FC-18-2018-D-78)

**JAMES W.,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Charity C. [1] ("Mother") appeals the Family Court of Jackson County's April 9, 2024, order, that granted Respondent James W.'s ("Father") petition to modify the court's January 7, 2019, order, and awarded him primary custody of the parties' eight-year-old child.[2] Father filed a response in support of the family court's order. Mother filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the family court's decision but no substantial question of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure to vacate in a memorandum decision. For the reasons set forth below, the family court's decision is vacated, and this case is remanded for further proceedings consistent with this decision.

The parties are the parents of a child who was born in May 2016. At some point, a proceeding was initiated, and a final order was entered on January 7, 2019, implementing a parenting plan.[3] After the January 7, 2019, final order was entered, Father asked Mother if she would be agreeable to modifying their parenting plan to allow Father parenting time

---

[1] To protect the confidentiality of the juveniles involved in this case, we refer to the parties' last name by the first initial. *See, e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Both parties are self-represented.

[3] The record neither contains the January 7, 2019, order nor discusses the custodial allocation that was awarded therein. Likewise, the record does not indicate whether the case was originally initiated pursuant to a divorce petition or custody petition.

1

during the week and Mother parenting time on the weekend. Because an agreement could not be reached, Father filed a petition for modification of custodial allocation on February 8, 2024.

On April 8, 2024, the family court held a final hearing on Father's petition. Mother failed to appear at the hearing. The court found that she had been duly served with notice of the hearing on February 22, 2024, by the Wood County Sheriff's Department, and thus, proceeded with the final hearing without Mother being present. During the hearing, the court heard testimony from Father, Jessica V. (Father's significant other), and Raven R., who lived with Mother for two years.

On April 9, 2024, the family court entered a final order on Father's petition for modification. The court found that Jessica V. testified to Mother's current physical address and that Mother was formally served by the Wood County Sheriff's Department on February 22, 2024. The court also found that pursuant to West Virginia Code § 48-9-209 (2022), no restrictions were placed upon either party due to parental misconduct. Mother was awarded parenting time every weekend from Friday at 6:00 p.m. until Sunday at 6:00 p.m. and Father received parenting time every Sunday at 6:01 p.m. until Friday at 5:59 p.m. Having no financial information regarding Mother, the court attributed her minimum wage and ordered her to pay child support to Father in the amount of $50.00 per month. It is from the April 9, 2024, order that Mother now appeals.

When reviewing the order of a family court, we apply the following standard of review:

> When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

On appeal, Mother raises three assignments of error. First, she contends that the family court erred by proceeding with the final hearing because she was neither served with Father's petition nor given notice of the final hearing.

Based on our review of the record below, the family court found that Mother was served with the notice of hearing on February 22, 2024. However, the summons indicates that an unrelated individual, Billy Metz, was served by the Wood County Sheriff's Department with Father's petition on February 22, 2024. Additionally, Mother's address

in the summons is not the address that the family court noted in its findings based on Jessica V.'s testimony. Rather, the address in the summons is the address that Father had listed as Mother's address when he filed his petition. The record fails to demonstrate that Mother was served with Father's petition or with any indication of the date and time of the final hearing.

The Supreme Court of Appeals of West Virginia has stated that, in situations such as this case presents, various interests must be weighed, including the interest in judicial efficiency, the rights of plaintiffs to have their day in court, any prejudice that might be suffered by defendants, and the value of deciding cases on the merits. *See Caruso v. Pearce*, 223 W.Va. 544, 550, 678 S.E.2d 50, 56 (2009). Here, the facts demonstrate that the family court's decision to proceed with the hearing when the record failed to establish that Mother had received notice was plainly made in error. Thus, we conclude that the family court's finding that Mother was served notice of the final hearing was clearly erroneous. Accordingly, we must vacate the family court's April 9, 2024, final order and remand the case for the court to hold a full evidentiary hearing on Father's petition after Mother has been properly served. Because this issue is dispositive of the matters presented by Mother on appeal, we decline to address Mother's remaining assignments of error.[4]

Accordingly, we vacate the family court's April 9, 2024, final order and remand this case for the court to hold a full evidentiary hearing on Father's petition after Mother has been properly served. The January 7, 2019, order is reinstated and shall remain in full force and effect in the interim. The Clerk is directed to issue the mandate contemporaneously with this memorandum decision.

Vacated and Remanded.

**ISSUED:** December 6, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear

---

[4] Mother's remaining two assignments of error are that the family court erred in its determination of custodial allocation and that the family court exhibited biased behavior towards her.

3