# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Charles Lusher,**
**Defendant Below, Petitioner**

**vs)   No. 16-1022** (Cabell County 16-MAP-5, 9, and 10)

**The City of Huntington,**
**Plaintiff Below, Respondent**

**FILED**

**September 1, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Charles Lusher, pro se, appeals the September 30, 2016, orders of the Circuit Court of Cabell County dismissing his appeal from a September 13, 2016, order of the Municipal Court of Huntington, West Virginia, fining him a total of $685, plus court costs, with regard to citations for using his cell phone while driving and failing to stop his vehicle at the location that the police officer instructed. Respondent City of Huntington ("City"), by counsel Scott Damron and Ericka B. Hernandez, filed a summary response in support of the circuit court's order. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On or about February 11, 2016, petitioner was issued a citation for using his cell phone while driving and failing to stop at the location that the police officer instructed. On May 24, 2016, petitioner appeared in the Municipal Court of Huntington, West Virginia, where he was found guilty and fined $685. Thereafter, the parties disagreed regarding the proper procedure for appealing the municipal court's judgment to the Circuit Court of Cabell County. According to the City, such appeals must be filed with the municipal court clerk, who then transmits the appeal to the circuit court clerk.[1] Petitioner counters that municipal court appeals have to be filed directly

---

[1]West Virginia Code § 8-34-1(d) provides as follows:

Any person convicted of an offense by a mayor or municipal court
(Continued . . .)

1

with the circuit court clerk.

Consequently, petitioner's appeal from the municipal court's judgment was docketed three times by the circuit court clerk: as Case Nos. 16-MAP-5, 9, and 10. In No. 16-MAP-5, at a June 28, 2016, hearing, the circuit court remanded the case to the municipal court to allow the parties to "figure it out" so that petitioner could file a proper appeal. Pursuant to the circuit court's July 6, 2016, remand order, the municipal court held a hearing on September 13, 2016, and re-imposed petitioner's fine, plus court costs. Petitioner posted a $685 appeal bond, and the municipal court clerk transmitted the paperwork to the circuit court clerk to initiate Case No. 16-MAP-9.

In No. 16-MAP-9, the circuit court set a hearing for September 29, 2016. Petitioner filed an "emergency" motion to dismiss No. 16-MAP-9 on September 23, 2016, because he maintained that his appeal had to be directly filed with the circuit court clerk.[2] In his motion, petitioner

judge may appeal such conviction to circuit court as a matter of right by requesting such appeal within twenty days after the sentencing for such conviction. The mayor or municipal court judge may require the posting of bond with good security conditioned upon the appearance of the defendant as required in circuit court, but such bond may not exceed the maximum amount of any fine which could be imposed for the offense. The bond may be upon the defendant's own recognizance. If no appeal is perfected within such twenty-day period, the circuit court may, not later than ninety days after the sentencing, grant an appeal upon a showing of good cause why such appeal was not filed within the twenty-day period. The filing or granting of an appeal shall automatically stay the sentence of the mayor or municipal court judge.

[2]Petitioner also filed a motion for the disqualification of The Honorable Christopher D. Chiles from any of the three cases (Nos. 16-MAP-5, 9, and 10). In the motion, petitioner asked for either Judge Chiles's voluntary recusal or, if the judge did not recuse himself, a referral to the Chief Justice. When such a referral occurs, West Virginia Trial Court Rule 17.01(b)(1) provides that "the judge shall proceed no further in the matter." Therefore, petitioner might have expected a referral would prevent further proceedings while the Chief Justice considered his motion for disqualification. If that was petitioner's expectation, he never appeared at the September 29, 2016, hearing to argue that such a delay was required. Accordingly, the circuit court denied petitioner's motion for disqualification as moot by order entered on September 30, 2016, following the dismissal of his appeal for a failure to appear at the hearing. On appeal to this Court, petitioner contends that the circuit court failed to follow West Virginia Trial Court Rule 17.01. In *Shenandoah Sales & Service, Inc. v. Assessor of Jefferson County*, 228 W.Va. 762, 773, 724 S.E.2d 733, 744 (2012), we found that a failure to follow proper procedure in ruling on a motion for disqualification was subject to a harmless error analysis. We conclude that any failure to follow Rule 17.01 was harmless error because, as explained herein, the circuit court properly dismissed petitioner's appeal.

acknowledged that he "was notified" of the September 29, 2016, hearing. On September 28, 2016, petitioner filed an appeal from the municipal court in No. 16-MAP-10. Petitioner failed to appear at the September 29, 2016, hearing. Accordingly, by separate orders entered on September 30, 2016, the circuit court dismissed petitioner's appeal in each of the three cases (Nos. 16-MAP-5, 9, and 10) finding that he "no longer wishes to prosecute this matter." Petitioner now appeals the circuit court's September 30, 2016, orders dismissing his appeal from the municipal court's judgment.

We reverse a circuit court's order dismissing a case for a failure to prosecute "only where there is a clear showing of an abuse of discretion." *Caruso v. Pearce*, 223 W.Va. 544, 547, 678 S.E.2d 50, 53 (2009) (quoting *Dimon v. Mansy*, 198 W.Va. 40, 46, 479 S.E.2d 339, 345 (1996)).

On appeal, petitioner contends that he was guilty of neither the use of his cell phone while driving nor a failure to stop at the location that the officer instructed. The City counters that we have no need to address the merits of petitioner's case because the circuit court properly dismissed his appeal from the municipal court's judgment for a failure to prosecute. We agree with the City.

Petitioner does not dispute that he received notice of the September 29, 2016, hearing that was held in No. 16-MAP-9. In addition, petitioner filed his "emergency" motion to dismiss on September 23, 2016, in No. 16-MAP-9, wherein he acknowledged receiving notice of that hearing. The September 29, 2016, hearing presented petitioner with the opportunity to explain why the circuit court should dismiss No. 16-MAP-9 and allow him to proceed with No. 16-MAP-10 despite the City's argument that the latter appeal was improperly filed. Therefore, because petitioner fails to explain why he did not appear for that hearing, we conclude that the circuit court properly dismissed petitioner's appeal for a failure to prosecute.

For the foregoing reasons, we affirm the circuit court's September 30, 2016, orders dismissing petitioner's appeal from the municipal court's September 13, 2016, order.

Affirmed.

**ISSUED:** September 1, 2017

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

3