STATE OF WEST VIRGINIA
 SUPREME COURT OF APPEALS

Philip C. Eastman,
Plaintiff Below, Petitioner FILED
 August 28, 2020
vs.) No. 19-0112 (Hardy County 18-C-AP-1) EDYTHE NASH GAISER, CLERK
 SUPREME COURT OF APPEALS
 OF WEST VIRGINIA
Timothy A. Combs, individually, and Tim’s
Garage and Body Shop,
Defendants Below, Respondents

 MEMORANDUM DECISION

 Petitioner Philip C. Eastman, self-represented litigant, appeals the January 11, 2019, order
of the Circuit Court of Hardy County dismissing with prejudice his appeal from separate February
14, 2018, judgment orders of the Magistrate Court of Hardy County. In the first order, the
magistrate court awarded petitioner possession of a 2004 Ford F-250 truck (“vehicle”), plus $120
in court costs. In the second order, the magistrate court awarded Respondents Timothy A. Combs,
individually, and Tim’s Garage and Body Shop (collectively, “respondent”) $2,533.95, plus
interest at a rate of 4.5% per year, on respondent’s counterclaim alleging that petitioner owed him
for repairs made on the vehicle. Respondent, by counsel Nathan H. Walters, filed a summary
response in support of the circuit court’s order.

 The Court has considered the parties’ briefs and the record on appeal.1 The facts and legal
arguments are adequately presented, and the decisional process would not be significantly aided
by oral argument. Upon consideration of the standard of review, the briefs, and the record
presented, the Court finds no substantial question of law and no prejudicial error. For these reasons,

 1
 On June 21, 2019, respondent filed a supplemental appendix with the certification required
by Rule 7(c)(2)(a) of the West Virginia Rules of Appellate Procedure certifying that the contents
of the supplemental appendix constitute true and accurate copies of items contained in the circuit
court record. However, respondent failed to file a motion to file the supplemental appendix as
required by Rule 7(g). Rule 6(b) provides, in pertinent part, that “[t]he Court, upon its own motion,
may consider portions of the record other than those provided by the parties.” Here, based upon of
our review of the supplemental appendix, we find that the items contained therein are necessary
for the consideration of this appeal, and, therefore, order that the supplemental appendix be deemed
filed.

 1
a memorandum decision affirming the circuit court’s order is appropriate under Rule 21 of the
Rules of Appellate Procedure.

 The subject of the parties’ dispute is petitioner’s vehicle that he brought into respondent’s
auto body shop for repairs. As a result of their dispute, petitioner filed a complaint against
respondent in the Magistrate Court of Hardy County, and respondent filed an answer and a
counterclaim alleging that petitioner owed him for repairs made on the vehicle. Following a
February 13, 2018, bench trial, the magistrate court entered separate judgment orders on February
14, 2018, awarding petitioner possession of the vehicle, plus $120 in court costs, and awarding
respondent $2,533.95, plus interest at a rate of 4.5% per year, on respondent’s counterclaim. When
petitioner filed an appeal from the magistrate court’s judgment to the Circuit Court of Hardy
County, the magistrate court allowed petitioner to post a $2,500 appeal bond based on his personal
recognizance.

 On March 27, 2018, the circuit court held a status hearing, at which respondent requested
that petitioner be required to post a $2,500 cash bond to secure the judgment respondent obtained
in the magistrate court. The circuit court granted respondent’s request and modified the appeal
bond to require petitioner to post $2,500 within thirty days of the March 27, 2018, hearing. On
April 26, 2018, respondent filed a motion to dismiss petitioner’s appeal, noting that petitioner had
not yet posted the $2,500 cash bond. The circuit court held another hearing on May 9, 2018. As a
result of this hearing, the circuit court entered an agreed order on the same date, requiring petitioner
to post a cash bond within ten days of that order or face dismissal of his appeal. Also, in the May
9, 2018, agreed order, the circuit court scheduled a pretrial conference for November 27, 2018, at
11:30 a.m., at which time the date for a trial de novo would “be determined[.]”2 In compliance
with the agreed order, petitioner posted the $2,500 cash bond on May 17, 2018.

 On November 13, 2018, in anticipation of the pretrial conference, respondent filed a
pretrial memorandum, stating that he expected the trial de novo to last one day. On that same date,
respondent also filed a notice of hearing for the November 27, 2018, pretrial conference and sent
the notice to petitioner by certified mail. The record reflects that petitioner signed for the certified
mail on November 23, 2018. However, petitioner failed to appear for the November 27, 2018,
pretrial conference. Accordingly, by order entered January 11, 2019, the circuit court dismissed
petitioner’s appeal with prejudice, finding that he received notice of but failed to appear for the
pretrial conference and, therefore, that he had “failed to prosecute his appeal” from the magistrate
court’s judgment. The circuit court further ordered that the parties comply with each of the
magistrate court’s judgment orders and that if petitioner failed to satisfy the judgment in
respondent’s favor within thirty days of its order, the $2,500 cash bond he posted would be
forfeited to respondent. On January 24, 2019, petitioner filed a motion which the circuit court
construed as a motion to alter or amend its January 11, 2019, order. The circuit court denied that

 2
 Rule 18(d) of the West Virginia Rules of Civil Procedure for Magistrate Courts provides,
in pertinent part, that “[a]n appeal of a civil action tried before a magistrate without a jury shall be
by trial de novo in circuit court without a jury.” West Virginia Code § 50-5-12(b) similarly
provides, in pertinent part, that “[i]n the case of an appeal of a civil action tried before the
magistrate without a jury, the hearing on the appeal before the circuit court shall be a trial de novo,
triable to the court, without a jury.”
 2
motion by order entered on February 6, 2019. Petitioner now appeals the circuit court’s January
11, 2018, order dismissing with prejudice his appeal from the magistrate court’s judgment orders.

 “Traditionally, our scope of review, even where reinstatement [of an action which is
dismissed for failure to prosecute] is timely sought, is limited,” and “[i]t is only where there is a
clear showing of an abuse of discretion that reversal is proper.” Caruso v. Pearce, 223 W. Va. 544,
547, 678 S.E.2d 50, 53 (2009) (quoting Dimon v. Mansy, 198 W. Va. 40, 46, 479 S.E.2d 339, 345
(1996)). “Because of the harshness of the sanction, a dismissal with prejudice should be considered
appropriate only in flagrant cases.” Dimon, 198 W. Va. at 45, 479 S.E.2d at 344.

 Petitioner argues that the circuit court erred in dismissing his appeal with prejudice for his
failure to appear at the November 27, 2018, pretrial conference, but concedes that respondent has
“a record that something was mailed” to petitioner.3 The record contains the domestic return
receipt for the certified mail that petitioner signed for on November 23, 2018. Respondent states
that he filed and sent petitioner the notice for the pretrial conference by certified mail on the same
date he filed and sent petitioner his pretrial memorandum, which was November 13, 2018. In his
January 24, 2019, motion to alter or amend the circuit court’s dismissal of his appeal, petitioner
admitted that respondent sent him respondent’s pretrial memorandum “by U[.]S[.] mail dated
November 13, 2018.” (Parentheses omitted.) Petitioner fails to explain how he would have
received respondent’s pretrial memorandum but not the notice of hearing informing him that he
was required to appear for the November 27, 2018, pretrial conference.

 We find that two additional facts support a finding that this was a flagrant case where
petitioner knowingly failed to appear. First, petitioner already had notice of the date and time of
the pretrial conference because they were set forth in the circuit court’s May 9, 2018, agreed order.
Petitioner had notice of that order given its designation as an agreed order and his compliance with
its requirement that he post a $2,500 cash bond to secure the judgment respondent obtained in the
magistrate court. Second, while petitioner concedes that there is evidence that he received the
November 13, 2018, notice of hearing, petitioner fails to proffer any reason which would have
prevented him from appearing at the November 27, 2018, pretrial conference. Therefore, we
conclude that the circuit court did not err in dismissing petitioner’s appeal with prejudice.

 For the foregoing reasons, we affirm the circuit court’s January 11, 2019, order dismissing
with prejudice petitioner’s appeal from the magistrate court’s February 14, 2018, judgment orders.

 Affirmed.

 3
 On appeal, petitioner raises several issues that have nothing to do with his failure to appear
for the pretrial conference, which is the only issue we address herein. See Watts v. Ballard, 238
W. Va. 730, 735 n.7, 798 S.E.2d 856, 861 n.7 (2017) (quoting Syl. Pt. 2, Sands v. Sec. Trust Co.,
143 W. Va. 522, 102 S.E.2d 733 (1958)) (“This Court will not pass on a nonjurisdictional question
which has not been decided by the trial court in the first instance.”).
 3
ISSUED: August 20, 2020

CONCURRED IN BY:
Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

 4