# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**KYLE REA,**
**Petitioner Below, Petitioner**

**FILED**
**January 10, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.) No. 22-ICA-23** (Fam. Ct. Mineral Cnty. No. 20-D-15)

**TIFFANY JONES,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Kyle Rea appeals the "Order Denying Petitioner's Request to Reopen Case" entered by the Family Court of Mineral County on July 11, 2022.[1] Mr. Rea asserts that the family court erroneously dismissed his case after he was five minutes late to a hearing. His ex-wife, Respondent Tiffany Jones, responds in support of the family court's ruling. Mr. Rea did not file a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the lower tribunal's decision but no substantial question of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure for reversal in a memorandum decision. For the reasons set forth below, the lower tribunal's decision is reversed, and this case is remanded for further proceedings consistent with this decision.

The parties' Final Divorce Order was entered in the Family Court of Mineral County on June 8, 2020. The Final Divorce Order stated that Ms. Jones would be the sole and exclusive owner of the parties' 2017 Kia Sportage, and that she would be responsible for the timely payment of the lien owed on the vehicle. A hearing was held on October 23, 2020, where Mr. Rea presented testimony that Ms. Jones had failed to timely pay the lien owed on the vehicle and he had been receiving calls and notices for collection.

On October 26, 2020, the family court entered an order requiring Ms. Jones to refinance the Kia Sportage within six months and to remove Mr. Rea's name from the vehicle and its associated debts. Additionally, the court ordered that Mr. Rea refinance the lien on the parties' other vehicle, a Hyundai Elantra, within six months and to remove Ms. Jones' name from the debt.

---

[1] In this appeal, neither party is represented.

1

On May 12, 2021, Mr. Rea filed a Petition for Contempt in the family court, alleging that Ms. Jones failed to abide by the court's order to refinance the lien on the Kia and remove Mr. Rea's name from the associated debt. On June 11, 2021, a hearing was held, but Ms. Jones did not appear. By order entered the same day, the court found Ms. Jones in contempt for her failure to pay the lien on the Kia. Ms. Jones was then sentenced to thirty days incarceration and a capias was issued for her arrest. The family court later set aside the capias due to questionable service of process. On July 16, 2021, another hearing was held in family court, where Ms. Jones stated that she had been unable to refinance the Kia because of her low credit rating. On July 19, 2021, the family court entered an order, which stated that Mr. Rea would receive the Kia Sportage and its resulting debt.

Mr. Rea then appealed to the Circuit Court of Mineral County, raising two assignments of error. Mr. Rea argued that the family court erred by having an ex parte communication with Ms. Jones regarding her nonappearance and that the family court abused its discretion in ordering Mr. Rea to take ownership of the Kia. In an order entered November 5, 2021, the circuit court found that the ex parte communication had no substantive impact and was thus not an appealable matter. With regard to the second claim, the circuit court found that the family court erred in absolving Ms. Jones of all responsibility for the debt resulting from the Kia. The case was then reversed and remanded to the family court to order the sale of the Kia and to enter a judgment against Ms. Jones for any remaining debt.

On July 8, 2022, the family court set the matter for hearing, and then dismissed the case based on Mr. Rea's failure to appear. Mr. Rea was reportedly five minutes late to the hearing due to vehicle issues causing him delay. Mr. Rea filed a request to reopen the case, which was refused by the family court in the Order Denying Petitioner's Request to Reopen the Case entered on July 11, 2022.

Mr. Rea now appeals the family court's July 11, 2022, order denying his request to reopen the case. This court applies the following standard of review.

> "In reviewing . . . a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*." Syl. Pt., [in part,] *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004).

*Amanda C. v. Christopher P.*, No. 22-IA-2, __ W. Va. __, __ S.E.2d __, 2022 WL 17098574, at *3 (Ct. App. 2022); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court order).

Mr. Rea argues that he was only five minutes late to the hearing when the family court dismissed his case. Further, he argues that Ms. Jones should be held accountable for the numerous financial damages resulting from her failure to make payments on the Kia. The hearing was intended to allow testimony on the amount of damages that Mr. Rea should receive. Mr. Rea argues that he should have the ability to collect damages because of the financial hardship that he suffered because of the Kia.

Ms. Jones argues that Mr. Rea was dishonest about the timing of his arrival, and that he in fact arrived ten minutes into the proceedings. Further, Ms. Jones alleges that Mr. Rea was dishonest as to the reason for his late arrival to the hearing. Ms. Jones argues that Mr. Rea does not have evidence of specific monetary damages resulting from repossession. Finally, Ms. Jones argues that it would be unfair to hold her liable for damages resulting from Mr. Rea's use of the vehicle after it was removed from her possession.

The Supreme Court of Appeals of West Virginia has found abuse of discretion where the cases of pro se parties were dismissed for failure to appear after being delayed due to transportation issues. *See, e.g.*, *Boardwine v. Kanawha Charleston Humane Assoc.*, No. 13-0067, 2013 WL 5989159 (W. Va. Nov. 12, 2013) (memorandum decision); *Kailie v. Barlow*, No. 101284, 2011 WL 8183121 (W. Va. Nov. 10, 2011) (memorandum decision). Further, the Supreme Court has recognized that because of the harshness of the sanction, a dismissal with prejudice is only appropriate in flagrant situations. *See*, *e.g.*, *Dimon v. Mansy*, 198 W. Va. 40, 45, 479 S.E.2d 339, 344 (1996). Various interests must be weighed including the interest in judicial efficiency, the rights of plaintiffs to have their day in court, any prejudice that might be suffered by defendants, and the value of deciding cases on their merits. *See Caruso v. Pearce*, 223 W. Va. 544, 550, 678 S.E.2d 50, 56 (2009).

After review of the record below, the facts demonstrate that the family court's denial of Mr. Rea's Request to Reopen the Case was improper. The circuit court's order stated that Mr. Rea should be awarded damages, and the family court hearing was his opportunity to testify as to the amount that he should receive. Mr. Rea stated that he intended to appear at the hearing, and that he was late due to transportation issues on his way to the courthouse. Mr. Rea wrote the family court to make the court aware of the issue and attempt to have his case reopened. Therefore, we find that the family court abused its discretion in denying Mr. Rea's request to reopen the case.

Accordingly, we reverse the family court's July 11, 2022, order and remand this case to the family court to hold a hearing consistent with this decision and the circuit court's November 5, 2021, order.

Reversed and Remanded with Directions.

**ISSUED:** January 10, 2023

3

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen