# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**May 1, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**SHARESE W.,**
**Petitioner Below, Petitioner**

**vs.) No. 22-ICA-303** (Fam. Ct. Jefferson Cnty. No. FC-19-2018-D-300)

**DEVON W.,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Sharese W.[1] appeals the "Final Custodial Modification Order" entered by the Family Court of Jefferson County on November 16, 2022. Sharese W. asserts that the family court erroneously proceeded with the final hearing that had been rescheduled and she did not receive notice of the new time. Respondent Devon W. timely filed a response in support of the family court's order.[2] Sharese W. did not file a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the lower tribunal's decision but no substantial question of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure for reversal in a memorandum decision. For the reasons set forth below, the lower tribunal's decision is reversed, and this case is remanded for further proceedings consistent with this decision.

The parties share two children: J.W., age nine; and D.W., age seven, and had been operating under the same parenting plan since January 2019. Under the parenting plan, Devon W. had the children on Mondays, Tuesdays, Saturdays, and alternating Sundays. Sharese W. had the children at all other times and received child support.

Sharese W. filed a petition for modification of custody on September 15, 2022, and the modification hearing was scheduled for November 15, 2022, at 2:30 p.m. An "Order Resetting Hearing" was entered on November 7, 2022, which rescheduled the hearing for

---

[1] To protect the confidentiality of the juveniles involved in this case, we refer to the parties' last name by the first initial. *See, e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n. 1 (1990).

[2] In this appeal, both parties are self-represented.

three hours earlier, at 11:30 a.m. on the same day, at Devon W.'s counsel's request. Sharese W. failed to appear, but the family court nevertheless proceeded with the hearing at 11:30 a.m. Sharese W. appeared for the hearing at 2:00 p.m., thinking she was a half-hour early, and informed the court that she had not received notice of the new time. The family court entered the "Final Custodial Modification Order" on November 16, 2022, which set child support at zero dollars and slightly modified the parties' parenting time. It is from that Order that Sharese W. appeals. For these appeals, we are guided by the following standard of review:

> "In reviewing . . . a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*." Syl. Pt., [in part,] *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004).

*Amanda C. v. Christopher P.*, No. 22-ICA-2, __ W. Va. __, __, __ S.E.2d __, __, 2022 WL 17098574, at *3 (Ct. App. Nov. 18, 2022); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court order).

On appeal, Sharese W. contends that she had relocated and did not receive notice of the new hearing time. She appeared at 2:00 p.m. with the understanding that the hearing was still scheduled for 2:30 p.m. Devon W. contends that Sharese W. should have notified the court of her new address.

After reviewing the video of the hearing below, the family court judge stated on the record that Sharese W. may not have received notice and asked Devon W. whether he knew if Sharese W. was aware of the new hearing time. Devon W. informed the family court judge that Sharese W. had relocated, but the court proceeded with the hearing anyway and did not attempt to reach her by phone. Nevertheless, after making no effort to contact Sharese W., the family court improperly stated in the final order that "[b]oth parties have had due and proper notice of this proceeding."

The Supreme Court of Appeals of West Virginia has stated that, in instances such as this, various interests must be weighed including the interest in judicial efficiency, the rights of plaintiffs to have their day in court, any prejudice that might be suffered by defendants, and the value of deciding cases on the merits. *Caruso v. Pearce*, 223 W.Va. 544, 550, 678 S.E.2d 50, 56 (2009). After review of the record below, the facts demonstrate that the family court's decision to proceed with the hearing when nothing in the record demonstrated that Sharese W. had received notice was erroneous, particularly when the hearing had been moved to an earlier time on the same day rather than a later time.

Accordingly, we reverse the family court's November 16, 2022, order and remand this case to the Family Court of Jefferson County to hold a full evidentiary hearing on Sharese W.'s petition for modification.

Reversed and Remanded.

**ISSUED:** May 1, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen