# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**April 22, 2024**

ASHLEY N. DEEM, DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**TONI MCKINNEY,**
**Petitioner Below, Petitioner**

**v.) No. 23-ICA-408**    (Fam. Ct. Raleigh Cnty. No. FC-41-2008-D-294)

**GARY MCKINNEY,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Toni McKinney appeals the Family Court of Raleigh County's August 15, 2023, order granting Respondent Gary McKinney's motion to require asset division, which sought either an order compelling Ms. McKinney to prepare a Qualified Domestic Relations Order ("QDRO") or in the alternative an order declaring her interest in Mr. McKinney's pension plan waived. The family court concluded that, because Ms. McKinney failed to appear for a status hearing, her interest in the pension proceeds were waived. Mr. McKinney filed a response in favor of the family court's order.[1] Ms. McKinney did not file a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the family court's decision but no substantial question of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure for reversal in a memorandum decision. For the reasons set forth below, the family court's order is reversed, and this case is remanded for further proceedings consistent with this decision.

The parties were divorced by order entered on January 27, 2010. In that order, Mr. McKinney's pension was to be divided by a QDRO. The family court entered a QDRO on September 8, 2014, but it was done incorrectly and was not approved by the pension plan administrator. On August 16, 2019, Mr. McKinney filed a motion to require asset division, wherein he sought either an order compelling Ms. McKinney to quickly prepare the QDRO or, alternatively, an order declaring Ms. McKinney's interest in the pension waived for her lack of diligence in completing the QDRO.

---

[1] Toni McKinney is represented by Matthew A. Bradford, Esq., and Brandon L. Gray, Esq. Gary McKinney is represented by Anthony M. Salvatore, Esq.

The parties appeared for a hearing on Mr. McKinney's motion on October 16, 2019. At that time, Ms. McKinney was self-represented, and the family court continued the matter to allow her to retain counsel to assist with QDRO preparation. Ms. McKinney retained counsel,[2] who, throughout the next several hearings advised the family court that he had sent multiple subpoenas in an effort to obtain required information for the QDRO and that he was awaiting additional information from the plan administrator.

The family court conducted a total of seven hearings from June 22, 2020, to July 12, 2023. The last two hearings led to the issue raised on appeal.

One of those hearings was a December 6, 2022, status hearing, wherein the family court directed the parties to work toward finally resolving the lingering QDRO matter. Thereafter, another status hearing was scheduled for July 12, 2023. The *Notice of Status Hearing* was sent to Ms. McKinney's counsel but not to Ms. McKinney. On the date of the hearing, neither Ms. McKinney nor her attorney appeared. Due to their failure to appear, Mr. McKinney moved the family court to enter an order declaring Ms. McKinney's portion of the pension waived, which the family court granted. Pursuant to Rule 22(b)[3] of the Rules of Practice and Procedure for Family Court, Mr. McKinney's counsel mailed a 22(b) notice of his proposed order to both Ms. McKinney and her counsel on August 4, 2023. Ms. McKinney received notice of the proposed order and filed a pro se objection wherein she requested that the family court reconsider its ruling on August 8, 2023, arguing that she had retained two attorneys and neither completed the QDRO and that she never received notice of the July 12, 2023, status hearing. On August 15, 2023, the family court entered its order denying Ms. McKinney's objection and request for reconsideration. It is from that order that Ms. McKinney now appeals.

For these matters, we use the following standard of review:

---

[2] Ms. McKinney retained new counsel for the appeal.

[3] Rule 22(b) of the Rules of Practice and Procedure for Family Court states, in part:

> An attorney assigned to prepare an order or proposed findings shall deliver the order or findings to the court no later than ten days after the conclusion of the hearing giving rise to the order or findings. Within the same time period the attorney shall send all parties copies of the draft order or findings together with a notice which informs the recipients to send written objections within five days to the court and all parties. If no objections are received, the court shall enter the order and findings no later than three days following the conclusion of the objection period. If objections are received, the court shall enter an order and findings no later than ten days after the receipt of the objections.

> In reviewing . . . a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*. Syl. Pt., [in part,] *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004).

*Amanda C. v. Christopher P.*, 248 W. Va. 130, 133, 887 S.E.2d 255, 258 (Ct. App. Nov. 18, 2022); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court order).

On appeal, Ms. McKinney raises one assignment of error. She asserts that her due process rights were violated when she did not receive notice of the July 12, 2023, hearing and that the hearing notice identified the hearing as a status hearing, not a final hearing. We agree.

In considering issues raised by this case, various interests must be weighed including the interest in judicial efficiency, the rights of plaintiffs to have their day in court, any prejudice that might be suffered by defendants, and the value of deciding cases on the merits. *Caruso v. Pearce*, 223 W.Va. 544, 550, 678 S.E.2d 50, 56 (2009). Here, while we are mindful of Mr. McKinney's understandable frustration caused by the lengthy delay in resolving this matter, we must also weigh the prejudice that Ms. McKinney would suffer if she were not given the opportunity to present her case at a final hearing especially in light of *Kinsinger v. Pethel*, 234 W. Va. 463, 766 S.E.2d 410 (2014). Here, the hearing notice prepared by Mr. McKinney's counsel was explicitly denoted as a status hearing rather than a final hearing. Thus, under the limited facts and circumstances of this case, we conclude that the family court abused its discretion when it issued a final order declaring Ms. McKinney's interest waived due to her failure to appear from what was noticed as a status hearing. *See Boardwine v. Kanawha Charleston Humane Assoc.*, No. 13-0067, 2013 WL 5989159 (W. Va. Nov. 12, 2013) (memorandum decision) (finding abuse of discretion where the cases of pro se parties were dismissed for failure to appear after being delayed due to transportation issues); *See also Dimon v. Mansy*, 198 W. Va. 40, 45, 479 S.E.2d 339, 344 (1996) (finding that because of the harshness of the sanction, a dismissal with prejudice for failure to appear is only appropriate in flagrant situations).[4]

Accordingly, we reverse the August 15, 2023, order and remand this matter to the Family Court of Raleigh County for further proceedings consistent with this decision.

Reversed and Remanded.

---

[4] Furthermore, nothing in this decision precludes consideration of sanctions (including contempt) considering the inexcusable delay and failure to appear.

**ISSUED:**  April 22, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear